**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ORLESTER NAYLOR**                                                                     **PLAINTIFF**

**V.**                                                                              **CAUSE NO. 3:17-CV-610-CWR-LRA**

**RYDER TRUCK RENTAL, INC.;**                                           **DEFENDANTS**
**JOHNNIE R. GIBBS**

## ORDER

On July 29, 2014, Orlester Naylor was driving in Lauderdale County, Mississippi, when he was struck by a Ryder truck driven by Johnnie R. Gibbs. Naylor suffered personal injuries. He subsequently filed this negligence suit against Gibbs and Ryder Truck Rental, Inc.

Now before the Court is Ryder's motion to dismiss or, alternatively, motion for summary judgment.[1] Naylor has not responded despite receiving an extension of time as a result of the Court's *sua sponte* motion.

Ryder presents evidence that it had leased the truck in question to Parten Truck Lines, Inc., and that Parten hired Gibbs to be the driver. It then argues that as the mere owner of a leased vehicle, it has no liability for any negligence of Gibbs or Parten. Ryder relies upon the "Graves Amendment," a statute that "preempted state law in the area of vicarious liability for owners engaged in the business of renting or leasing motor vehicles, absent a showing of negligence or criminal wrongdoing on the part of the owner." *Cates v. Hertz Corp.*, 347 F. App'x 2, 6 (5th Cir. 2009) (citation omitted); 49 U.S.C. § 30106.

Here, Naylor has no evidence that Ryder committed negligence or criminal wrongdoing. He, unlike his adversaries, has not even availed himself of the opportunity to take discovery that

---

[1] Since Ryder answered the complaint the motion will be construed as one seeking judgment on the pleadings or, in the alternative, summary judgment.

could unearth such evidence. Under the Graves Amendment, therefore, Ryder is entitled to summary judgment.

The motion is granted. The case shall proceed against defendant Gibbs.

**SO ORDERED**, this the 30th day of January, 2018.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE